## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARK S. WERRE,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| **VS.** ) | **CASE NO. 06-CV-411-FHM** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of the** ) | |
| **Social Security Administration,**[1] ) | |
| ) | |
| **DEFENDANT.** ) | |

## ORDER

Plaintiff, Mark S. Werre, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2]  In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d

---

[1]  On February 1, 2007, Michael J. Astrue was confirmed as Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Jo Anne B. Barnhart the former Commissioner, as defendant in this case.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]  Plaintiff's November 17, 2003 application for Disability Insurance benefits was denied initially and upon reconsideration.  Two hearings before separate Administrative Law Judges were held in 2005.  By decision dated January 27, 2006, the ALJ entered the findings which are the subject of this appeal.  The Appeals Council denied review of the findings of the ALJ on June 6, 2006.  The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005).  Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

Plaintiff was born April 16, 1951, and was 54 years old at the time of the hearings. [R. 73, 564, 596].  Plaintiff has a college education and worked as a computer operations manager, sales manager and a marketing consultant. [R. 86, 94-101, 582]. He claims to have been unable to work since August 2, 2002, due to coronary artery disease, degenerative eye disease, and extreme fatigue, joint pain and depression caused by Hepatitis C[3] and Hereditary Hemachromatosis, and mental impairments of anxiety and depression. [R. 565-569].  The ALJ determined that Plaintiff has severe impairments consisting of status post stent placement for coronary artery disease, hepatitis C, affective disorder and anxiety disorder [R. 18], but that he retains the residual functional capacity (RFC) to perform light  work; that he is moderately limited in his ability to understand, remember and carry out detailed instructions but able to

---

[3] Hepatitis C is an inflammation of the liver caused by infection with the hepatitis C virus.  The following symptoms could occur with hepatitis C infection: jaundice, abdominal pain (right upper abdomen), fatigue, loss of appetite, nausea, vomiting, low-grade fever, pale or clay-colored stools, dark urine, generalized itching, ascites, bleeding varices (dilated veins in the esophagus). See medical definitions online at: http://www.nlm.nih.gov/medlineplus/ency/article/000284.htm

perform most job tasks. [R. 23].  The ALJ determined that Plaintiff could not return to his past relevant work but found that there are other jobs in the economy in significant numbers that Plaintiff could perform with that RFC.  He concluded, therefore, that Plaintiff is not disabled as defined by the Social Security Act. [R. 24].  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing the five steps); *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the ALJ erred: 1) by failing to demonstrate that he considered Plaintiff's disability rating by the Veterans' Administration; 2) by ignoring significant probative evidence in the record that contradicted his conclusions; and 3) in determining an RFC that is inconsistent with the opinions of both the VA examiner and the DDS physician. [Plaintiff's Brief, p. 6].  For the reasons discussed below, the Court finds this case must be reversed and remanded for reconsideration.

## Veterans' Administration Records

The record shows that on May 14, 2003,  Plaintiff was given a service connected 20% disability rating for hepatitis C effective December 4, 2002, with a decision for entitlement for depression deferred. [R. 156].  On July 3, 2003, the VA granted an additional 50% disability rating for major depressive disorder/mood disorder. [R. 152]. On August 7, 2003, Plaintiff was denied vocational rehabilitation and employment services by the VA because he had been determined to be unemployable. [R. 553-555]. This determination was based upon Plaintiff's service records, his treatment records from the VA, two consultative examinations and informational material on hepatitis C

3

and depression. [R. 152-153].   A letter dated May 11, 2005, from a Vocational Rehabilitation Counselor at the VA indicates Plaintiff was rated 60% service connected but paid at the 100% benefit rate because he was found to be unemployable. [R. 149]. Plaintiff contends the ALJ's failure to "even mention, let alone consider, the VA disability decision is directly contrary to law." [Plaintiff's brief, p. 7].   The Court agrees.

With regard to the VA's disability determination, the general rule is that it is not binding on the Social Security Administration. 20 C.F.R. § 404.1504.   Nevertheless, "it is evidence that the ALJ must consider and explain why he did not find it persuasive." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).   In his decision, the ALJ referred to the VA treatment records [R. 21] and acknowledged the psychiatric and physical examinations conducted by physicians for the VA. [R. 20, 21].   However, he did not mention the disability rating by the VA or discuss the significance of the VA's determination that Plaintiff is unemployable which was based upon those same records and consultative examination reports.   Citing the *Grogan* decision, Plaintiff asserts this failure is error as a matter of law. [Plaintiff's brief, p. 6].

The Commissioner responds that because the ALJ found Plaintiff to have a severe impairment at step two and also placed significant mental limitations in the RFC he assessed for Plaintiff, the facts of this case are distinguishable from those in *Grogan*. According to the Commissioner, in this case the ALJ stated he had reviewed or considered all the evidence in the record and that the Court should take it on faith that the ALJ also considered the VA's disability rating.   The Court, however, may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself. *See Allen v. Barnhart*,

4

357 F.3d 1140, 1145 (10th Cir.2004) ("That the record contains evidence that may support a specific factual finding cannot substitute for the finding itself."); *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir.2001) ( "[W]e are not in a position to draw factual conclusions on behalf of the ALJ.") (internal quotation marks omitted).

The Court finds that, although the ALJ did determine Plaintiff had severe mental impairments at step two, his failure to discuss the VA's disability rating in assessing Plaintiff's RFC is error.  In a recent unpublished case, *Kanelakos v. Astrue*, 2007 WL 2693764 (September 12, 2007), a case in which the veteran had been given a 70% mental impairment rating and determined to be unemployable, the Tenth Circuit reiterated the principle set forth in *Grogan*:

> In his decision, the ALJ mentioned the VA rating and appropriately stated that the SSA and VA standards differ. But he completely "fail[ed] to discuss the significance of the VA's disability evaluation." *Id.* at 1263.  This is a clear violation of the *Grogan* holding and compels a remand to allow the ALJ to explain his reasons for rejecting the VA's view of the medical evidence.

*Kanelakos*, at *2.  The "fundamental *Grogan* errror," the Court said, was compounded by the ALJ's determination that the claimant had not shown his diagnosed mental impairments were severe at step two. *Id.*  In the instant case, the ALJ did not even mention the VA disability rating and also gave short shrift to the evidence upon which that rating was based when he determined Plaintiff was able to perform most job tasks involved in light work with moderate limitations in his ability to understand, remember and carry out detailed instructions.

B.R. Raju, M.D., who examined Plaintiff and his medical records, evaluated Plaintiff's psychiatric status for the VA on June 4, 2003. [R. 511-514].  He diagnosed:

5

Axis I: Major Depressive Disorder, recurrent, Mood Disorder, secondary to general medical condition; Axis II: None; Axis III:  Hepatitis C, hemochromatosis[4];  Axis IV: Physical, other psychosocial; and Axis V: Current GAF: 50.[5] [R. 513].

Dr. Raju wrote:

> The Major Depressive Disorder, recurrent is diagnosed because of his depressive mood and occasional irritability. He feels tired, weak, fatigued, no interest in activities, helpless, hopeless feelings that are present for many years. He also had mood disorder because of his physical condition, mainly hepatitis C, hemochromatosis, so that contributed to the depression as well.
>
> Mood Disorder secondary to general medical condition is related to the hepatitis C.  Therefore, the depression is likely due to the hepatitis C and this has contributed also to his depression and he also has other diagnosis of Major Depressive Disorder, recurrent.
>
> He does not have any alcohol or drug abuse disability and he is mentally capable of managing his benefit payments in his own best interest because he can handle money and pay bills by himself.  He knows the amounts and types of bills owed monthly.  He can handle the payment prudently.  He has occasional interference in performing activities of daily living.  He has difficulty in establishing and maintaining effective work and social relationships.  He has no difficulty

---

[4]  Hemochromatosis is a disorder that causes the body to absorb too much iron from the diet. The excess iron is stored in the body's tissues and organs, particularly the skin, heart, liver, pancreas, and joints. Because humans cannot increase the excretion of iron, excess iron can overload and eventually damage tissues and organs. For this reason, hemochromatosis is also called an iron overload disorder.  Early symptoms of hemochromatosis are nonspecific and may include fatigue, joint pain, abdominal pain, and loss of sex drive. Later signs and symptoms can include arthritis, liver disease, diabetes, heart abnormalities, and skin discoloration. *See* medical definition online at: http://ghr.nlm.nih.gov/condition=hemochromatosis.

[5]  A global assessment of functioning score "is a subjective determination based on a scale of 100 to 1 of the clinician's judgment of the individual's overall level of functioning. A GAF score of 51-60 indicates moderate symptoms, such as a flat affect, or moderate difficulty in social or occupational functioning. A GAF score of 41-50 indicates serious symptoms or serious impairment in social, occupational, or school functioning, such as inability to keep a job." *Langley v. Barnhart*, 373 F.3d 1116, 1122 n. 3 (10th Cir.2004) (quotations, brackets, and elipses omitted).

in understanding simple and complex commands.  He is not any danger to self or others.

[R. 514].

The ALJ had this to say about Dr. Raju's report:

> Claimant's VA medical records include a June 4, 2003 "Compensation and Pension Evaluation Report" (psychiatric evaluation) by B.R. Raju, M.D. (Exhibit 23F).  Diagnoses were major depression and mood disorder secondary to hepatitis C.

[R. 20].  No further discussion or explanation regarding the weight accorded this report is offered by the ALJ in his decision. This report may offer support for the ALJ's conclusion that Plaintiff had moderate limitations in his ability to understand, remember and carry out detailed instructions.  However, the GAF rating and the VA's reliance upon Dr. Raju's report for its determination that Plaintiff is unemployable could also be construed to support Plaintiff's claims of disability.  At any rate, the report warranted some explanation from the ALJ as to the weight he accorded it and its impact upon his RFC assessment.

Later in his decision, in the paragraph addressing the GAF scores recorded by Plaintiff's treating physicians, the ALJ said: "An inability to sustain employment is first mentioned at a GAF of 50."  The ALJ then cited GAF scores of 75, 70 and 60 found elsewhere in the record and outlined the level of adaptive functioning for those GAF scores. [R. 22].  He did not include the "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)" description of GAF scores 41-50.  *Id.,* 34, (DSM-IV-TR (4th ed. 2000)).  The ALJ did not reveal that

7

the GAF of 50 was included in Dr. Raju's diagnosis on June 4, 2003.  Not only did the ALJ fail to indicate that he had considered the VA disability rating, he also failed to adequately discuss Dr. Raju's report and GAF rating.

In addition, the ALJ cited VA treatment notations made by Plaintiff's therapist in August 2003 and December 2003, but he failed to mention the note by Plaintiff's treating psychiatrist recorded between those two dates that Plaintiff was 100% unemployable, that he reported significant decline in functioning, impaired mood, memory/overall difficulty functioning, isolating, that his energy level, motivation remained low and that he suffered terminal insomnia or her January 26, 2004 comments that the addition of Wellbutin had "helped some" but Plaintiff's energy level was down and his depression/anxiety was stable, which is not the same as improved, with no medication change.[6]  [R. 248, 355, 426, 549].  The ALJ again referenced a therapist's note dated December 15, 2004, as support for his determination that Plaintiff's medications were effective and "that he had only some 'mild' depression related to physical health issues" [R. 20] but he did not include the nurse's comments on February 14, 2005, that Plaintiff had chronic fatigue and joint discomfort.[7]  This type of selective recitation of the medical evidence is prohibited. *See Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir.1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not

---

[6]  The ALJ did not address the severe fatigue associated with Plaintiff's physical health issues caused by hepatitis C and hemochromatosis, also recorded frequently in Plaintiff's VA records. [R.236, 253, 265, 358, 360, 364, 366, 374, 414-415, 423, 457, 458, 520, 521, 531-532, 534, 542].

[7]  The ALJ also left out the therapist's report that Plaintiff continues to note memory impairment as a primary problem on the December 10, 2003 treatment record. [R. 247, 354].

to rely upon, as well as significantly probative evidence he rejects."); *Hamlin v. Barnhart*, 365 F.3d 1208, 1215, 1219 (10th Cir.2004) ("An ALJ must evaluate every medical opinion in the record," and an "ALJ may not pick and choose which aspects of an uncontradicted medical opinion to believe, relying on only those parts favorable to a finding of nondisability").

In light of the psychiatric and physical treatment records, evaluation reports and disability rating of "unemployable" from the Veteran's Administration, the ALJ's statement that: "None of the physicians involved in claimant's evaluation have provided objective findings which would indicate that claimant was disabled nor have they provided any credible statement or recommendation that he has been unable to perform substantial gainful activity for a continuous period of at least 12 months" is incorrect. [R. 22].  It cannot be said, therefore, that the Commissioner's determination is based upon substantial evidence.

### Conclusion

Because the ALJ did not demonstrate that he had considered all the medical evidence in the record, including the VA's disability rating and the medical basis for that rating, this case must be remanded to the Commissioner to reconsider and reevaluate the medical evidence under the appropriate guidelines. *See* SSR 96-2p, 1996 WL 374188, at *5 (The ALJ's decision "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."); *see also Drapeau*, 255 F.3d at 1213 (court cannot meaningfully review ALJ's determination absent findings explaining weight

assigned to treating physician's opinion).   Accordingly, the decision of the Commissioner is REVERSED and REMANDED for reconsideration.

SO ORDERED this 9th day of October, 2007.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

10